UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI Division

MID-CONTINENT CASUALTY CO.,

        Plaintiff,

vs.

ACTIVE DRYWALL SOUTH, INC., a Florida corporation, LENNAR HOMES, LLC f/k/a LENNAR HOMES, INC., a Florida limited liability company, and U.S. HOME CORPORATION, a Delaware corporation,

        Defendants.

CASE NO. 10-20859-CIV-PAS

_____/

## JOINT SCHEDULING REPORT

Mid-Continent Casualty Company ("MCC"), Active Drywall South, Inc. ("Active"), Lennar Homes, LLC f/k/a Lennar Homes, Inc., Lennar Corporation and U.S. Home Corporation (collectively "Lennar Corp.") pursuant to S.D. Fla. L.R. 16.1 and this Court's Order of March 30, 2010 [Doc. #5], submit the following report:

    *a.*    *A short, plain statement of the nature of the claim, any counterclaims, crossclaims or third-party claims with a good faith estimate of the specific dollar valuation of damages claimed and any other relief sought.*

    This declaratory relief action was commenced by MCC against Active and Lennar Corp. for the purpose of determining whether MCC has a duty to indemnify Active. Lennar Corp. has asserted a counterclaim claiming they are an additional insured under the policies. Lennar Corp. claims that MCC has a duty to defend and indemnify it against homeowners they sold homes to for damages arising out of Chinese drywall. MCC disagrees with Lennar Corp. and will assert an appropriate response to Lennar Corp.'s counterclaim. It is unknown at this time the dollar valuation of the damages.

    *b.*    *A brief summary of the facts that are uncontested or which can be stipulated to without discovery.*

    The parties submit that at this early stage it is difficult to submit facts that may be uncontested at this time.

    c.    *A list of the legal elements of each claim and defense asserted. Consult the Eleventh Circuit or applicable state standard jury instructions for such. This list will be used to help resolve relevance issues in discovery.*

The legal elements of each claim and defense are set forth in the pleadings.

    d.    *Whether discovery should be conducted in phases or limited to certain issues.*

As discussed in paragraph H, below, Lennar Corp. believes that this action should be transferred to MDL 2047-- *In re: Chinese Drywall Products Liability Litigation*, MDL No: 2047, pending before Judge Fallon in the Eastern District of Louisiana for pretrial proceedings, including pretrial discovery. In the event that such transfer does not occur, Lennar Corp. submits that discovery should be conducted in accordance with the rules set forth by the S.D. Local Rules and Federal Rules of Civil Procedure. MCC believes that discovery should be conducted in accordance with the rules set forth by the S.D. Local Rules and Federal Rules of Civil Procedure since this matter should not be transferred or stayed.

    e.    *A detailed schedule of discovery for each party.*

See attached as Attachment "A."

    f.    *Proposed dates and/or deadlines for: Trial; to join other parties; to amend pleadings; to file motions (i.e., Class Certification, Summary Judgment, Daubert, Markman); to complete fact and expert discovery; to exchange Fed. R. Civ. P. 26(a)(3) disclosures; to complete mediation; and to hold any status, specialized hearings (i.e., Markman), and pretrial conferences.* **All Fed. R. Civ. P. 26(a)(3)(A) disclosures must be made at least forty (40) days before the agreed fact discovery cutoff.** *Fifteen (15) weeks must be scheduled between the Summary Judgment Motion deadline and the pretrial conference to complete briefing and ruling prior to the pretrial stipulation deadline. Pretrial Conferences are set a month before trial.* **Attachment A to this order is a case management deadline worksheet for the parties' convenience.**

See Attachment "A."

    g.    *Estimated length of trial and whether it is jury or non-jury.*

5-10 days.

    h.    *A list of all pending motions, whether each is "ripe" for review, the date each became ripe and a summary of the parties' respective positions with respect to each ripe motion.*

At this time there are no pending motions. Lennar Corp. is a defendant and MCC is the plaintiff in this case and in *Mid-Continent Casualty Co. v. Design Drywall of South Florida*, Case No. 1:10-cv-20861-PAS (the "Design case") and *Mid-Continent Casualty Co v. JDM Builders, Inc.*, Case No. 1:10-cv-20862-PAS (the "JDM case"). As such, MCC will file a motion to consolidate the cases. Lennar Corp. will file a motion to stay and to extend deadlines with respect to this case, the JDM case and the Design case, and/or to transfer these cases to MDL 2047-- *In re: Chinese Drywall Products Liability Litigation*, MDL No: 2047, pending before Judge Fallon in the Eastern District of Louisiana (the "MDL"). Attached is a copy of a MDL Rule 7.2 Notice of Related and Potential

Tag-Along Actions filed by Lennar Corp. before the JPML panel. The JPML has issued the attached Conditional Transfer Order (CTO-18), conditionally transferring the Design case to the MDL. MCC has filed a notice of opposition to the transfer. Pursuant to the JPML rules, MCC will be filing a motion and memorandum to vacate the Conditional Transfer Order. Lennar Corp. intends to file briefs in support of transfer of the Active case, the Design case and the JDM case. MCC opposes the motion to stay or transfer.

   i.   *Any unique legal or factual aspect of the case requiring the Court's special consideration.*

   See paragraph H, above, otherwise none at this time.

   j.   *A statement as to the need (or agreement) to refer matters, including motions to dismiss, motions for summary judgment and discovery to the Magistrate Judge or special master. As part of the Joint Scheduling Report, the parties shall jointly complete and file with the Court the* **Magistrate Judge jurisdiction election form for motions appended to this Order as Attachment B.** *The Court will not accept unilateral submissions in this regard; thus, a "Yes" should be checked only if all parties agree. If all parties consent to a full disposition of the case by the Magistrate Judge, including trial and entry of final judgment,* **Attachment C is an election form which all parties must sign and file.**

   See attached as Attachment "B."

   k.   *The status and likelihood of settlement.*

   It is unknown at this time. However, MCC would like to proceed to mediation as quickly as possible.

   l.   *Any other matters that Local Rule 16.1B requires, or that may aid in the fair, expeditious and efficient management and/or disposition of this action.*

   a.   *the likelihood of appearance in the action of additional parties:* Whether additional parties will appear in this action is unknown at this time.

   b.   *proposed limits on the time:*

      i.   *to join other parties and to amend the pleadings:* August 27, 2010.

      ii.  *file and hear motions:* May 4, 2011 to file dispositive motions and July 19, 2011 to hear motions. The parties stipulate that the complexity of the issues warrant the page limitation for a legal memorandum, as it applies to motions for summary judgment, exceed the twenty (20) page limit set forth in S.D. Fla. L.R. 7.1 and permit a legal memoranda of twenty-five (25) pages.

      iii. *to complete discovery:* Fact discovery to be completed by March 11, 2011 and expert discovery to be completed by April 5, 2011.

14478779v1 907136 56475

c.  *proposals for the formulation and simplification of issues, including the elimination of frivolous claims or defenses, and the number and timing of motions for summary judgment or partial summary judgment*: Defendants submit that it may be possible that certain of the claims and defenses in this case may be narrowed through the filing of motions for partial summary judgment prior to trial. MCC submits that the matter may be resolved through the filing of motions for summary judgment.

d.  *the necessity or desirability of amendments to the pleadings*: The parties submit that no amendments to the pleadings are anticipated at this time. If necessary, the parties shall file an appropriate motion for leave requesting permission from the court.

e.  *the possibility of obtaining admissions of fact and of documents, electronically stored information or things which will avoid unnecessary proof, stipulations, regarding authenticity of documents, electronically stored information or things, and the need for advance rulings from the Court on admissibility of evidence*: MCC submits that issues of fact may be simplified through the use of requests for admissions and stipulations of fact, particularly for the purposes of authenticating documents. The need for advance rulings from the Court is unknown at this time. Defendants believe that there are factual issues for trial.

f.  *suggestions for the avoidance of unnecessary proof and of cumulative evidence: suggestions for the avoidance of unnecessary proof and of cumulative evidence*: Lennar Corp. believes that judicial economy and the economies of the parties are best served by a stay of this action pending disposition by the JPML of proposed transfer of the three cases pending before this Court to the MDL in the Eastern District of Louisiana. MCC believes that the three cases should be consolidated, but disagrees with Lennar Corp. that these matters should be transferred to Louisiana or stayed pending the resolution of that issue before the JPML. MCC disagrees with Defendants, but will work with counsel to attempt to avoid unnecessary proof and/or cumulative evidence.

g.  *suggestions on the advisability of referring matters to a Magistrate Judge or master*: The parties consent to the referral of all discovery-related and non-dispositive motions to the Magistrate Judge.

h.  *a preliminary estimate of the time required for trial*: The anticipated length of time for trial should not exceed 5-10 days.

i.  *requested date or dates for conferences before trial, a final pretrial conference, and trial*: The parties request that a final pre-trial conference in this matter be scheduled two weeks prior to the commencement of the trial period.

j.  *any other information that might be helpful to the Court in setting the case for status or pretrial conference*: Lennar Corp. believes that judicial economy and the economies of the parties are best served by a stay of this action pending disposition by the JPML of proposed transfer of the three cases pending before this Court to the MDL in the Eastern District of Louisiana. MCC believes that the three cases should be consolidated, but disagrees with Lennar Corp. that these matters should be transferred to Louisiana or stayed pending the resolution of that issue before the JPML.

Respectfully submitted this June 2, 2010.

s/ RONALD L. KAMMER
Ronald L. Kammer
Florida Bar No. 360589
rkammer@hinshawlaw.com
Pedro E. Hernandez
Florida Bar No. 30365
phernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
9155 S. Dadeland Boulevard, Suite 1600
Miami, Florida 33156-2741
Telephone: 305-358-7747
Facsimile: 305-577-1063
Counsel for MID-CONTINENT CASUALTY CO.

s/ THOMAS G. LONG
Thomas G. Long
Florida Bar No. 367321
tlong@barnettbolt.com
Charles A. Carlson
Florida Bar No. 716286
ccarlson@barnettbolt.com
Amy E. Stoll
Florida Bar No. 150959
astoll@barnettbolt.com
BARNETT, BOLT, KIRKWOOD, LONG & MCBRIDE
601 Bayshore Blvd., Suite 700
Tampa, Florida 33606
Telephone: 813-253-2020
Facsimile: 813-251-6711
Counsel for LENNAR HOMES, LLC, LENNAR CORP. and U.S. HOME CORP.

s/ F. WILLIAM HARVEY
F. William Harvey, Esq.
Florida Bar # 342890
F. William Harvey, P.A.
5402 Red Cypress Lane
Tamarac, FL 33319
(786) 201-5290
(954) 486-3206
fwhlaw@aol.com
Counsel for ACTIVE DRYWALL SOUTH, INC.