UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MID-CONTINENT CASUALTY CO.,

       Plaintiff,                          CASE NO. 10-20859-CIV-SEITZ/O'SULLIVAN

v.

ACTIVE DRYWALL SOUTH, INC., *et al.*,

       Defendants.
_____/

MID-CONTINENT CASUALTY CO.,

       Plaintiff,                          CASE NO. 10-20861-CIV-SEITZ/O'SULLIVAN

v.

DESIGN DRYWALL OF SOUTH
FLORIDA, LLC, *et al.*,

       Defendants.
_____/

MID-CONTINENT CASUALTY CO.,

       Plaintiff,                          CASE NO. 10-20862-CIV-SEITZ/O'SULLIVAN

v.

JDM BUILDERS, INC., *et al.*,

       Defendants.
_____/

## **OMNIBUS ORDER GRANTING MOTIONS TO STRIKE**

THIS MATTER is before the Court on Mid-Continent Casualty Company's ("MCC") Motions to Strike Ninth Affirmative Defense, filed in: *Mid-Continent Casualty Company v. Active Drywall South, Inc., et al.*, Case No. 10-20859 [DE 42]; *Mid-Continent Casualty Company v. Design Drywall of South Florida, LLC, et al.*, Case. No. 10-20861 [DE 39]; *Mid-Continent Casualty Company v. JDM Builders, Inc., et al.*, Case No. 10-20862 [DE 35]. The affirmative defense of "breach of the covenant of good faith and fair dealing" is legally insufficient both as pled and as a matter of law. Therefore, the Court will strike the

affirmative defense with leave to re-plead if facts and the law support such a defense.

I. BACKGROUND

These are alleged Chinese Drywall cases. MCC brought declaratory judgment actions to determine coverage under insurance policies issued to Active Drywall South, Inc. ("Active") [Case No. 10-20859]; Design Drywall of South Florida, LLC ("Design") [Case No. 10-20861]; and JDM Builders, Inc. ("JDM") [Case No. 10-20862]. Lennar Homes LLC f/k/a Lennar Homes, Inc. and U.S. Home Corporation (collectively "Lennar") are listed as an additional insured on the insurance policies. Active, Design and JDM ("Subcontractors") are subcontractors that installed drywall at different projects for Lennar. Lennar has sued the Subcontractors in separate state court proceedings seeking damages caused by allegedly defective work/defective product, including the cost to remove and replace defective work/defective product. MCC is defending the Subcontractors in the underlying state court actions subject to a full and complete reservation of rights. MCC brought these federal actions to determine the scope of MCC's duty to indemnify under its contract of insurance.

Lennar filed answers, affirmative defenses and counterclaims in each of the federal actions. As a ninth affirmative defense, Lennar asserts a "breach of the covenant of good faith and fair dealing." MCC moved to strike the ninth affirmative defense [Case No. 10-20859, DE 42, 45, 54]; [Case No. 10-20861, DE 39, 42, 48]; [Case No. 10-20862, DE 35, 37, 43].

II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[1] Affirmative defenses

---

[1] Although Rule 12(f) allows a court to strike insufficient affirmative defenses, motions to strike affirmative defenses are not favored by the federal courts because of their somewhat dilatory and often harassing character that merely amass unnecessary costs. 5C Charles Alan Wright & Arthur R. Miller, FED. PRAC. & PROC. § 1381; *see also, Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F. 2d 1045, 1052 (11th Cir. 1982). In that regard, Lennar would have been better served if they had sought leave to amend the answer to

are insufficient as a matter of law if they do not meet the general pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure, which requires "a short and plain statement" of the defense. Additionally, although an affirmative defense "does not need detailed factual allegations, [it] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### III. ANALYSIS

Lennar contends that MCC breached its duty of good faith and fair dealing. Specifically, Lennar states, in full:

> Plaintiff is not entitled to the relief sought in the Complaint because Plaintiff breached the covenant of good faith and fair dealing which breach excused Defendants from performing any obligations allegedly not performed by them.

[Case No. 10-20859, DE 41 at 7; Case No. 10-20861, DE 36 at 6; Case No. 10-20862, DE 34 at 5].

MCC argues this affirmative defense is nothing more than bare conclusions and should be stricken because it fails to comply with *Twombly*. In opposition, Lennar asserts that Rule 8(a) requires only a "short and plain statement" and no technical form is required such that "Lennar need not allege specific facts which support this affirmative defense, as these facts will be unveiled through discovery." [*E.g.*, Case No. 10-20862, DE 37 at 10].

On its face, Lennar's ninth affirmative defense fails to satisfy the pleading requirements of Rule 8 and *Twombly*. Lennar does not identify any factual basis or policy provision to support its assertion that if a specific contract provision was breached, it would excuse Lennar's performance of a duty.[2] Additionally,

---

add the pertinent facts rather than resort to motion practice, or, if Lennar does not have the facts to support this affirmative defense, it should have voluntarily dismissed the defense.

[2]In its responses, Lennar identifies provisions in the contract that it claims were breached by MCC. However, Lennar still fails to identify a provision, which if breached would actually excuse performance. For example, Lennar contends that MCC breached Section I, Supplementary Payments – Coverages A and B, wherein MCC agrees to pay certain investigation and defense costs. "We will pay, with respect to any claim we investigate or settle, or any "suit" against an insured we defend . . . ." [*See e.g.*, Case No. 10-20862, DE 1, Ex. A] According to Lennar, "[t]his provision implies that MCC will undertake a reasonable investigation of any and all claims.

Lennar fails to identify any duty it was required to perform and from which it is excused as a result of the alleged breach. However, even if those facts were provided, it is unclear how a breach of the covenant of good faith and fair dealing provides an affirmative defense to a cause of action seeking a declaratory judgment to determine insurance coverage. Thus, because Lennar's ninth affirmative defense is legally insufficient under Rule 8 and *Twombly*, it must be stricken.

The parties also disagree about whether an action for breach of the covenant of good faith and fair dealing exists in the insurance context, and if so, whether such a claim may be brought prior to a determination of coverage. MCC argues that the "defense" is merely a disguised claim for bad faith, which Florida law precludes. Furthermore, according to MCC, without a judicial determination that coverage exists, the claim is premature. Lennar counters that in certain circumstances a cause of action for breach of the covenant of good faith and fair dealing is separate from a bad faith claim and may be brought at the same time as a claim for coverage. However, Lennar fails to articulate the logical relationship[3] between an "affirmative defense" of breach of the covenant of good faith and fair dealing and a judicial determination of coverage. That is, Lennar does not explain why MCC's alleged breach of the covenant of good faith and fair dealing should prevent MCC from obtaining the relief sought in the complaint – a judicial determination of whether coverage exists under a policy of insurance.

## IV.    CONCLUSION

Lennar's ninth affirmative defense is insufficient and will be stricken. Nevertheless, Lennar may re-plead a ninth affirmative defense, if, consistent with counsels' obligations under Rule 11, there are facts

---

Lennar contends that MCC breached its duty of good faith and fair dealing by not promptly and reasonably investigating the claims at issue to determine whether actions to mitigate the damages of the claimants should be taken by either the insurer or the insured." [Case No. 10-20862, DE 37 at 7].

[3]The Eleventh Circuit has provided a test for deciding whether an asserted defense qualifies as an affirmative defense: "[i]n determining whether a particular argument is an affirmative defense, courts consider the logical relationship between the defense and the cause of action, and the likelihood that the plaintiff will be unfairly surprised if the defense does not appear in the pleadings." *See Hassan v. U.S. Postal Serv.*, 842 F.2d 260, 263 (11th Cir. 1988).

and specific contractual language that support such a defense. Furthermore, to proceed with this affirmative defense, there also must be on point legal authority to support Lennar's position that a cause of action for breach of the covenant of good faith and fair dealing is separate from a bad faith claim and that such a claim may be brought at the same time as a claim for coverage. If no such authority exists, the Court expects that Lennar's counsel, as officers of the court, will not proceed with this defense. Therefore, it is

ORDERED that

(1) The following Motions to Strike Ninth Affirmative Defense are GRANTED without prejudice:

(A) *Mid-Continent Casualty Company v. Active Drywall South, Inc., et al.*, Case No. 10-20859 [DE 42];

(B) *Mid-Continent Casualty Company v. Design Drywall of South Florida, LLC, et al.*, Case. No. 10-20861 [DE 39];

(C) *Mid-Continent Casualty Company v. JDM Builders, Inc., et al.*, Case No. 10-20862 [DE 35].

(2) No later than **March 7, 2011**, Lennar may amend its ninth affirmative defense for breach of the covenant of good faith and fair dealing if facts and the law support a good faith assertion of such a defense.

DONE AND ORDERED in Miami, Florida, this 25th day of February, 2011.

PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

cc: Judge O'Sullivan
All counsel of record